IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Theoplas Coleman, | ) | C/A No.: 3:22-3143-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kayla Davisperkins; Jessica | ) | ORDER AND NOTICE |
| Jackson; Officer Zeigler; and South | ) | |
| Carolina Department of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

William T. Coleman ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Kayla Davisperkins, Richland County Clerk of Court Jessica Jackson, Richland County Sheriff Officer Zeigler, and South Carolina Department of Social Security ("SCDSS"). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff alleges Davisperkins "has committed perjury resulting in defamation of character as well as physical and financial damages." [ECF No.

1 at 5.] He claims these actions "were carried out with the assistance of"
Zeigler, Jackson, and SCDSS. *Id.* Plaintiff seeks a million dollars in monetary
damages and that Davisperkins be restricted from receiving government
benefits for her minor children.

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which
permits an indigent litigant to commence an action in federal court without
prepaying the administrative costs of proceeding with the lawsuit.  To protect
against possible abuses of this privilege, the statute allows a district court to
dismiss a case upon a finding that the action fails to state a claim on which
relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i),
(ii). A finding of frivolity can be made where the complaint lacks an arguable
basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A
claim based on a meritless legal theory may be dismissed *sua sponte* under
28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those
drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A
federal court is charged with liberally construing a complaint filed by a pro se
litigant to allow the development of a potentially meritorious case.  *Erickson
v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, the

2

plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.  Analysis

    1.  Davisperkins is Not a State Actor

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (3d ed. 2014). Plaintiff has not shown that Davisperkins, who he lists as "absent mother/part time mother," has acted under the color of state law. [ECF No. 1 at 2]. Plaintiff has also failed to allege another basis for the court's jurisdiction over Davisperkins. Therefore, it appears she is entitled to summary dismissal.

2.    Clerk is Entitled to Quasi-Judicial Immunity

Plaintiff's claims against Jackson arise from her role in the Richland County Clerk of Court's office. [ECF No. 1 at 8]. It is well-settled that court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); s*ee also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"); *Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667, *2–3 (D.S.C. Apr. 4, 2012) (finding Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996) amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."). Because Plaintiff's allegations concern actions taken in her capacity in the Clerk's office, Jackson is protected by quasi-judicial immunity and should be summarily dismissed from this action.

4

### 3.    Insufficient Factual Allegations

Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing against Defendants. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Because Plaintiff has provided insufficient factual allegations against Defendants, they are entitled to summary dismissal.

### 4.    SCDSS

SCDSS is entitled to summary dismissal because it is immune from suit under the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Dowling v.*

*State of S.C.*, No. 0:06-cv-1309-PMD-BM, 2006 WL 1751742, at *2 (D.S.C. June 20, 2006). As such, absent the state's waiver or consent, the Eleventh Amendment bars suit directly against a state such as South Carolina or its agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that SCDSS, as an arm of the state, is immune from a suit for damages under the Eleventh Amendment. *See Coffin v. S.C. Dept. of Soc. Servs.*, 562 F. Supp. 579, 583 (D.S.C. 1983) (holding that SCDSS is a state agency and therefore entitled to Eleventh Amendment immunity). Therefore, SCDSS is also subject to summary dismissal. *Jeter v. Harris*, No. 0:07-cv-00857-GRA-BM, 2007 WL 1795788, at *2 (D.S.C. June 19, 2007).

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **October 13, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will

6

conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.

If Plaintiff fails to file an amended complaint or fails to cure the deficiencies

identified above, the undersigned will recommend to the district judge that

the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

September 22, 2022                                  Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

7