IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Theoplas Coleman, <br><br> Plaintiff, <br><br> v. <br><br> Kayla Davisperkins; Jessica Jackson; Officer Zeigler; and South Carolina Department of Social Security, <br><br> Defendants. | C/A No. 3:22-3143-JFA-SVH <br><br><br> **ORDER** |

William T. Coleman ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Defendants Kayla Davisperkins ("Davisperkins"), Richland County Clerk of Court Jessica Jackson ("Jackson"), Richland County Sheriff Officer Zeigler ("Zeilger"), and South Carolina Department of Social Security ("SCDSS") (collectively "Defendants"). (ECF No. 1). The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915(A). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Complaint, the Magistrate Judge assigned to this action issued an order informing Plaintiff that he failed to properly complete documents required for service of process. (ECF No. 7). The Magistrate Judge allowed Plaintiff until October 13, 2022, to comply with the Magistrate Judge's order and file an Amended Complaint with proper service documents. *Id.*

1

After Plaintiff failed to respond, the Magistrate Judge prepared a thorough Report and Recommendation ("Report").[1] (ECF No. 12). Within the Report, the Magistrate Judge opines the Complaint is subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 26, 2022. *Id.* The Magistrate Judge required Plaintiff to file objections by November 9, 2022. *Id.* Plaintiff failed to file objections or otherwise comply with the Magistrate Judge's previous order requiring Plaintiff to file an amended complaint with the appropriate documents for service of process. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal for failure to prosecute and failure to follow a court order.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 12). Consequently, this action is summarily dismissed with prejudice.

IT IS SO ORDERED.

November 29, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge